UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

LACEY K. RITHER,

        Debtor.

Case No. 05-23558

Chapter 13

_____

MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CONFIRMATION
_____

      The debtor filed a chapter 13 petition on March 16, 2005, and her original plan was confirmed on May 31, 2005. On October 8, 2007, the trustee moved to dismiss the case because the debtor failed to provide 2005 and 2006 income tax returns and one half of refunds, which totaled $4549.50. That matter was resolved by the debtor agreeing to modify the plan to provide for payments of the income tax refunds. The amended plan was filed on December 3, 2007, and the trustee opposed confirmation. A preliminary hearing was held on the trustee's objection on January 29, 2008, and the parties were given an opportunity to file briefs.

      The debtor's original plan provided for total plan payments of $7,800.12 for 36 months. Unsecured creditors were projected to be paid not less than 6 cents on the dollar. The plan was funded through $100 bi-weekly payroll deductions. The order confirming plan required payment of one half of the net income tax refunds received by the debtor into the plan each year the plan was in effect as an additional dividend to unsecured creditors.

      The amended plan provided for total plan payments of $12,433.42 for 56 months. Unsecured creditors were projected to be paid 6 cents on the dollar plus one half of the debtor's 2005 and 2006 income tax refunds ($4549.50). The amended plan also provided:

> Debtor will pay one half of the 2007 income tax refund as an additional dividend to unsecured creditors. One half of the 2008 and 2009 tax refunds if the debtor has not completed her chapter 13 plan will be used to shorten the overall length of the plan. The plan shall be no shorter than 36 months unless the debtor pays 100% of the unsecured creditors. If the tax refunds shorten the plan to 36 months, any extra sums will go as an additional dividends [sic] to claimants. The other half of the tax refunds will be retained by the debtor to help supplement the debtor's expenses and assist with changes in the cost of living during the course of the next three years.

Amended Plan filed 12/3/07, ¶ 13.

## ARGUMENTS

The trustee argues the plan does not provide all projected disposable income, as it limits the payments to the plan to one half of the tax refunds for only the first three years of the plan. The trustee believes the entire tax refund for three years would constitute disposable income. The trustee noted he would not object to plans that provided one half of the tax refunds if the one half is provided for the duration of the plan. In the case at bar, had the debtor paid one half of the income tax refunds into the plan as they became due under the order of confirmation, unsecured creditors would currently have received approximately 48 cents on the dollar. If the amended plan before the court is confirmed, unsecured creditors will receive 48 cents on the dollar plus one half of the 2007 income tax refunds, but they will not receive this in full until two years from now. Taking into consideration the time value of money, the trustee contends the debtor should submit one half of the income tax refunds to the trustee for the life of the plan.

The debtor argues the amended plan is a permissible modification under section 1329 and complies with sections 1322, 1323 and 1325 of the Bankruptcy Code. Citing this court's *In re Young*, 370 B.R. 799 (Bankr. E.D. Wis. 2007), decision, the debtor notes that she is not attempting to waive her prior default. In fact, the debtor is attempting to comply with the exact

terms of her originally confirmed plan whereby unsecured creditors will receive 6 percent of their allowed claims plus one half of all tax refunds for three years as an additional dividend. The debtor asserts her plan has been filed in good faith and she is not attempting to waive the income tax refund requirement. Because plan modification is not subject to the disposable income test, *id*. at 802, the trustee's objection is without merit.

DISCUSSION

It has long been the practice in this district to require debtors to commit one half of their income tax refunds to a chapter 13 plan as long as the plan is in effect. This is an expediency developed to recognize the reality that an income tax refund is disposable income, but financially strapped debtors will be tempted to reduce this refund to avoid paying into the plan any more than is absolutely necessary. By requiring only one half of each refund to be paid into the plan, debtors will not be put deeper in debt by guessing wrong how much need be withheld, but creditors will be paid at least part of the refund that results from overwithholding. For cases to which BAPCPA applies, over median income debtors do not have to pay one half of tax refunds into the plan because the means test requires a more rigorous estimation of actual taxes, and unsecured creditors receive the amount determined by actual taxes paid, regardless of the actual refund. *See In re Balcerowski*, 353 B.R. 581 (Bankr. E.D. Wis. 2006). The debtor in this case does not earn above the median income and the case was filed prior to the effective date of BAPCPA. By paying one half of the 2007 refund into the plan, the debtor complies with the order in effect throughout 2007. However, she wishes to be relieved of the requirement that all disposable income be paid into the plan under a modification, while she uses an extension of the plan to make up for past defaults.

3

Clearly, with an annual income of $23,508 in 2005, income tax refunds of $3398 for tax year 2005 and $5701 for tax year 2006 are excessive. If those refunds constituted overwithholding – as opposed to other low income benefits, which is quite likely – there could have been as much as an additional $189.00 per month paid into the plan. The amount of her 2007 tax refund is unknown. It appears the debtor may have been substantially overwithholding, so she has been living very frugally, and the ability to keep one half of these amounts out of the hands of her creditors constitutes a substantial benefit to her. However, to allow her to modify the plan to keep the entire future refunds would allow her to retain considerable disposable income while curing a default and retaining the benefits of an ongoing chapter 13 case.

This court previously determined in *In re Young*, 370 B.R. 799, 802 (Bankr. E.D. Wis. 2007), that plan modification is not subject to the disposable income test, but it did find that the modified plan must still be proposed in "good faith," because 11 U.S.C. 1329(b)(1) incorporates the requirements of 11 U.S.C. § 1325(a)(3), among others. The debtors in the *Young* case were not allowed to modify their confirmed plan retroactively to retain one half of tax refunds previously committed to creditors, even though they had a relatively low income and a bare-bones budget. *Id*. at 802-04. The Youngs were allowed to modify their plan prospectively to retain future tax refunds in their entirety, but this was only because those refunds were necessary for the maintenance and support of the debtors. This debtor appears to be on better financial footing than the Youngs, and there is no compelling reason for her to be relieved of the obligations under her previously confirmed plan; namely to submit one half of all income tax refunds for the duration of the plan.

Neither the disposable income test nor a change of circumstances are required under

section 1329, but good faith is always necessary. This subjects the debtor's motives to scrutiny. She should not be allowed to take advantage of the protection of chapter 13 without bearing its burdens as well. The trustee's objection to confirmation is sustained. The debtor shall have thirty days to propose a plan consistent with this decision. A separate order will be entered.

April 16, 2008

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court